UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK:
WHITE PLAINS DIVISION

------------------------------------------------- x

In re:
                                         :     Bankr. Case No. 25-22428-cgm

       Vico Charles                           Chapter 13

                                         :

                         Debtor.      Hon. Cecelia G. Morris

----------------------------------------------- x

**DEBTOR'S MOTION TO REDUCE THE CLAIM OF
ALLY BANK PURSUANT TO *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004)**

Debtor, Vico Charles, by his attorney, Derek S. Tarson of the Legal Aid Society of Rockland County, Inc., hereby submits this motion ("**Motion**") for an order modifying the interest rate on the secured claim filed by Ally Bank (hereinafter, "**Creditor**"), pursuant to 11 U.S.C. § 1322(b)(2), to the interest rate of 8.5%.

### I. JURISDICTION AND VENUE

       1.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

       2.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

       3.       This Motion has been initiated pursuant to Bankruptcy Code § 1322(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (the "**Bankruptcy Code**").

### II. BACKGROUND

       4.       Debtor commenced this case ("**Bankruptcy Case**") under Chapter 13 of the Bankruptcy Code on May 16, 2025.

5. Creditor is the holder of a secured lien on Debtor's 2021 Chrysler 300 VIN: 2C3CCABG8MH528878 (hereinafter, "**Chrysler**"). The debt that gave rise to this lien was incurred on or about November 3, 2023.

6. Creditor has filed a proof of claim (Claim number 5) for a secured claim in the Chrysler for $27,069.17 (an amount Debtor does not contest) seeking the contractual interest rate of 24.990% pursuant to 11 U.S.C. § 506(b). A copy of said proof of claim is attached hereto as **Exhibit A**.

7. The prime rate at the time the Bankruptcy Case was commenced was 7.50%. (Prime Rate History, *available at* https://www.fedprimerate.com/wall_street_journal_prime_rate_history.htm.)

### III. BASIS FOR RELIEF

8. Debtor hereby requests that the interest rate on Creditor's secured claim be reduced from 24.990% to 8.50% pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

9. In *Till*, the United States Supreme Court approved a method of determining the interest rate for plan payments to secured creditors whose claims are subject to Section 1322(a)(2) of the Bankruptcy Code. Section 1322(a)(2) permits a Chapter 13 plan to modify the rights of holders of secured claims, other than a residential mortgage. The Court's method provides that the interest rate should be based on the prime rate plus a risk adjustment to account for the risk of default from bankruptcy debtors. *Till*, 541 U.S. at 479. The Court declined to set the risk adjustment rate, but cited with approval courts that had set the rate at anywhere between 1% and 3% above the Prime Rate. *Id.* at 480.

10. The Debtor's proposed interest rate in their plan is one percentage point higher than the Prime Rate had been at the time of the bankruptcy filing and thus comports with *Till*.

11. Creditor's lien is a purchase money security interest for a debt incurred within 910 days of the filing of the petition in this case and is therefore subject to the "hanging paragraph" set forth in Section 1325(a) of the Bankruptcy Code, which prohibits bifurcation of a claim into secured and unsecured parts ("cram-down"). Nothing in the "hanging paragraph," however, prevents modification of the interest rate on such claims. Numerous courts, including at least one court in this district, have held that the "hanging paragraph" does not impair a debtor's rights under Section 1322(a)(2) to modify the interest rate on secured claims pursuant to *Till's* methodology. *See In re Velez*, 431 B.R. 567 (Bankr. S.D.N.Y. 2010) (collecting cases).

### IV. CONCLUSION

12. For the foregoing reasons, Debtor therefore requests that this Court find that the interest rate on any claim filed by Creditor with respect to the Jeep be reduced to the rate of 8.50% interest in conformity with *Till*, and for such other and further relief that this Court finds just, proper, and equitable.

Dated: September 5, 2025

/s/ Derek S. Tarson
Derek Tarson, Esq.
Legal Aid Society of Rockland County, Inc.
2 Congers Road, Suite 1
New City, NY 10956
(845) 634-3627